INDIANA CIVIL RIGHTS COMMIS-
SION and Martha W. Bernauer,
Appellants (Respondents),

v.

CULVER EDUCATIONAL FOUNDA-
TION (CULVER MILITARY ACADE-
MY), Appellee (Petitioner below).

Nos. 50S03–8903–CV–182,
50A03–8608–CV–00246.

Supreme Court of Indiana.

March 3, 1989.

Linley E. Pearson, Atty. Gen., Frederick
S. Bremer, Deputy Atty. Gen., Indianapolis,
for Ind. Civil Rights Com'n.

Roy D. Rogers, Indianapolis, for Martha
W. Bernauer.

Douglas J. Heckler, Keith E. White,
Barnes & Thornburg, Indianapolis, for ap-
pellee.

PIVARNIK, Justice.

This cause comes to us on a petition to
transfer from the Third District Court of
Appeals. Petition is brought by Appellee,
Petitioner in the trial court, Culver Edu-
cational Foundation, more commonly
known as Culver Military Academy, follow-
ing a court of appeals reversal of the trial
court judgment in favor of Culver.

Because this case has been unresolved
for several years, we note in some detail its
procedural and factual history to aid in its
resolution. Martha W. Bernauer initially
worked as a part-time librarian for Culver
Military Academy. In 1973 she was hired
as a reading instructor. Culver practice
required an instructor to serve on proba-
tion for three years, and if deemed success-
ful at the end of that period, to be tenured.
In 1974 Bernauer filed a complaint against
Culver under the Indiana Civil Rights Act,
alleging sex discrimination on the basis
there was unequal insurance coverage (i.e.,
the policy covered "wives" of faculty mem-
bers rather than "spouses" of faculty mem-
bers), and because she felt she was not
receiving the same pay as males for the
same job. Culver quickly acknowledged
the insurance issue and changed coverage
to read "spouses" of faculty members.
The Indiana Civil Rights Commission inves-
tigators subsequently found no probable
cause on the equal pay issue. A witness
for Culver testified that once the insurance
language was changed, it was a "dead is-
sue." There was evidence that since there
was no remaining controversy with respect
to the insurance issue, someone from the
Indiana Civil Rights Commission suggested

that Culver request Bernauer withdraw her complaint as long as the issue was cured. Bernauer then met with Superintendent Colonel Barone; there is conflict as to the nature of that meeting. Bernauer claims the meeting evolved into a confrontation in which Barone suggested to her that she either "play with the team and be a team player" or she would "have to get off the team." Culver denies that was the nature of the discussion. Bernauer's complaint was, however, subsequently dismissed. Some time after this, Bernauer's position at Culver was eliminated.

On February 26, 1975, Bernauer filed the instant charge with the Indiana Civil Rights Commission, alleging her employer, Culver Military Academy, was retaliating against her for filing the earlier sex discrimination charge. Culver maintained it discontinued the reading program and Bernauer's services were no longer needed. Further, they presented evidence they had found her to be unsatisfactory for permanent tenure. Culver also presented evidence that beginning about 1970, serious changes occurred which directly affected school enrollment. Conflicts in society regarding the Vietnam War and other social problems seriously affected public attitude toward military schools. At the end of the 1974 spring semester, Superintendent General Carpenter left and was replaced by Colonel Barone. Colonel Barone was seen as having a more military approach to operating the academy; he initiated many changes in the academic atmosphere, including the reading program. It was he who eliminated the reading program, which resulted in Bernauer's dismissal. Bernauer testified the many changes made in assigning students to her reading classes caused her a great deal of distress. Witnesses for Culver testified Barone eliminated many other programs in addition to the reading program.

In the summer of 1976, one year after Bernauer left Culver, Barone was replaced as superintendent by John Mars. Mars had been a teacher at Culver for thirty-five years and had been chairman of the language department. While Barone was a career military man, Mars was a career academician. Mars' replacement of Barone generated substantial contributions from alumnae and increased enrollment because of Mars' long affiliation with Culver and because he was a well known, well liked individual. Mars reinstated the reading program after a one-year hiatus and hired a new instructor. The reading program was ended permanently in 1982 and currently there is no reading center or reading program at Culver comparable to the one which existed during Bernauer's three years of employment.

When Bernauer filed the instant charge on February 26, 1975, alleging retaliation, the Indiana Civil Rights Commission conducted a full investigation. The director determined no probable cause regarding discrimination existed. Bernauer appealed this decision. After another comprehensive investigation the director again found no probable cause existed. Bernauer again appealed the director's determination. A meeting was held on October 11, 1980, which only Bernauer and Commissioner Mary W. Shafer attended, and which excluded Culver or any of its representatives. Commissioner Shafer overruled the two prior no probable cause determinations and found probable cause existed.

A hearing was held on September 13, 1983. Hearing Officer David Staples determined Culver had retaliated against Bernauer by cancelling the reading program and not renewing her employment contract at the end of her three year probationary period. Staples indicated his decision was based, at least in part, upon his conclusion that the program was reinstated one year later by the same administrator who cancelled the program at the end of Bernauer's employment with Culver. The commission subsequently recognized this conclusion was erroneous, and that a new superintendent had reinstituted the reading program, but the commission still accepted Staples' recommended findings, conclusions, and order. Culver was ordered to pay Bernauer back wages covering a period of years, not only for the regular school term but also for alleged lost summer school earnings during the time period in

question. Further, Culver was ordered to reinstate Bernauer to her prior position.

Although Bernauer was dismissed, she was permitted to apply for a summer teaching position in 1975 and taught reading. She did not apply for a summer teaching position after 1975. Bernauer, who was qualified as both a remedial reading instructor and a librarian, worked as a temporary librarian in Maryland for six months in 1976. She worked as a librarian in Ohio for a year before returning to the Culver, Indiana, area. She stated she reapplied for her job at the military academy but was not rehired. She worked as a temporary administrator of a county fuel assistance program, and after that program ended, worked as a remedial reading teacher in the Culver Community Schools. Bernauer's husband, who was afflicted with Alzheimer's disease, subsequently was hospitalized in Fort Wayne, Indiana, and she accompanied him there and was employed as a night librarian at St. Francis College. During this time she also taught two classes for Indiana University/Purdue University. In February 1982, her husband died and she moved to Pennsylvania to pursue further studies.

Procedurally, the court of appeals reversed the trial court's remand of the cause to the Indiana Civil Rights Commission, and found the trial court, in reaching its decision, reweighed the evidence and improperly substituted its judgment of those facts, and overturned the agency's determination primarily because it would have reached a different result. It is Petitioner Culver's contention, however, that the Marshall Superior Court properly remanded this case to the commission because the commission's decision is contrary to law where it improperly placed the burden of proof upon Culver. Although the trial court did not specifically articulate this principle, it is apparent in the commission's findings and merits the remand the trial court ordered.

Culver raised this issue in its direct appeal to the court of appeals and claims that pursuant to Ind.R.App.P. 11(B)(2)(e), the court of appeals erred in not stating and addressing this substantial and material issue in its decision. However, it contends the allocation and order of proof applied by the commission was inconsistent with anything previously sanctioned by any Indiana courts and in conflict with precedent in identical federal cases. We find this issue was clearly raised by Culver in the court of appeals and the issue was not addressed in the court of appeals' opinion. The commission's findings indicate the burden was placed on Culver to establish Bernauer was not dismissed to retaliate against her. This court has not addressed assignment of burden of proof in this type of case, and for that reason we vacate the opinion of the court of appeals and grant transfer.

The commission hearing officer found that Colonel Barone, who eliminated the reading program and discharged Bernauer, reinstated the program and hired another person for the next school year. Bernauer concedes Colonel Barone did not resume the program; rather it was reinstated by his successor. Culver argues this mistake affects the ultimate fact, found by the hearing officer and accepted by the commission, that Bernauer was the victim of a retaliatory discharge. Culver's position is that there was a great deal of evidence Barone had a plan to deal with the economic and social problems facing the academy, only one of which was the elimination of Bernauer's reading program. Barone's replacement had a different view of Culver's operating policies and placed a different value on the reading program, which he reinstated when he took charge. In addition, Walker, Bernauer's immediate supervisor, along with other witnesses, testified regarding the deterioration of Bernauer's performance level. The trial court reasoned:

It is clear that the erroneous finding, at the very least, buttresses the ultimate finding of retaliation and the hearing officer's ruling against the Culver Educational Foundation. Without the erroneous finding the remaining evidence should be reconsidered.... [T]his court ought to order this case remanded to the Indiana Civil Rights Commission to resolve the issue of whether Martha W.

Bernauer was dismissed in "retaliation," excluding the erroneous finding of fact by the hearing officer, either by a new hearing by a hearing officer or by a reconsideration by the Indiana Civil Rights Commission.

The record shows that before the commission entered its final findings and conclusions, the mistake the hearing officer made was pointed out. The commission then corrected its record to show it was not Barone, but his successor, who resumed the reading program. It nevertheless accepted the findings and conclusions of the hearing officer and made its own findings and conclusions supporting the decision. In its Conclusion 5, the commission found that under Title VII retaliation does not have to be the sole reason for firing the plaintiff. "It is sufficient for retaliation to be one of several contributing factors, *Horchstadt v. Worchester Foundation,* FEP Cases 1426 (1981)." Conclusion 6 provided that Bernauer made a *prima facie* case of retaliation by showing Barone had final authority to fire her and threatened to fire her if she did not withdraw her complaint. She did not withdraw her complaint and he terminated her contract. Conclusion 7 is directed to Culver's burden of proof:

7. Upon making her prima facie case, the burden shifted to Respondent to prove that retaliation played no part in the decision to terminate Complainant. This can be done by showing that complainant would have been fired even without Barone's desire to retaliate against her [Bernauer] for refusing to withdraw her complaint, *Bell v. Birmingham Linen Services* [715 F.2d 1552] 32 FEP Cases 1673 [ (11th Cir. 1983) ].

The significance of this course of events is that hearing officers and/or the commission had twice before failed to find probable cause and the present hearing officer had found Bernauer established a *prima facie* case based on an erroneous understanding of the facts and circumstances which suggested a different complexion on all the evidence. More importantly, the commission placed a heavier burden of proof on the academy to respond than is legally required of it.

■ All parties agree with the commission's general proposition that federal cases interpreting Title 7 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.,* herein Title VII) are entitled to great weight. *Indiana Civil Rights Commission v. City of Muncie* (1984), Ind.App., 459 N.E.2d 411. In providing the burden shifted to Culver to prove retaliation played no part in the decision to terminate Bernauer, the commission appears to have relied upon a decision from the Eleventh Circuit Court of Appeals. This is a different standard than that applied in Indiana. In *Indiana Civil Rights Commission v. City of Muncie,* 459 N.E.2d at 418–19, and *Indiana Department of Corrections v. Indiana Civil Rights Commission* (1985), Ind.App., 486 N.E.2d 612, 616–18, the court of appeals adopted the federal standard prescribed by the United States Supreme Court in *Texas Department of Community Affairs v. Burdine* (1981), 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207, quoting from *McDonnell Douglas Corporation v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. The Supreme Court held that the ultimate burden of persuasion that the defendant engaged in unlawful discrimination remains at all times with the plaintiff. The Seventh Circuit Court of Appeals used the same retaliation case formula in *McCluney v. Joseph Schlitz Brewing Company* (7th Cir.1984), 728 F.2d 924, and *Sherkow v. Wisconsin Department of Public Instruction* (7th Cir.1980), 630 F.2d 498. In explaining the burden required of the parties in a Title VII case, the Supreme Court provided in *Burdine:*

In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973), we set forth the basic allocation of burdens and order of presentation of proof in a Title VII case alleging discriminatory treatment. First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to

the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.*, at 802 [93 S.Ct. at 1824, 36 L.Ed.2d at 678]. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id.*, at 804 [93 S.Ct. at 1825, 36 L.Ed.2d at 679].

The nature of the burden that shifts to the defendant should be understood in light of the plaintiff's ultimate and intermediate burdens. The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. See *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 25, n. 2 [99 S.Ct. 295, 296 n. 2, 58 L.Ed.2d 216, 219 n. 2] (1978); *id.*, at 29 [99 S.Ct. at 297–98, 58 L.Ed.2d at 221] (Stevens, J., dissenting). See generally 9 J. Wigmore, Evidence § 2489 (3d ed. 1940) (the burden of persuasion "never shifts"). The *McDonnell Douglas* division of intermediate evidentiary burdens serves to bring the litigants and the court expeditiously and fairly to this ultimate question.

*Id.*, 450 U.S. at 252–53, 101 S.Ct. at 1093–94, 67 L.Ed.2d at 215.

The Court further held the defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a general issue of fact as to whether the plaintiff was discriminated against. The Court then provided:

> The plaintiff retains the burden of persuasion. She now must have the opportunity to demonstrate that the proffered reason was not the true reason for the employment decision. This burden now merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination. She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the

employer's proffered explanation is unworthy of credence. See *McDonnell Douglas*, 411 U.S., at 804–805 [93 S.Ct. at 1825–26, 36 L.Ed.2d at 679].

*Id.*, 450 U.S. at 256, 101 S.Ct. at 1095, 67 L.Ed.2d at 217.

Following this standard the Seventh Circuit applied the following test to individual retaliation cases: "[Plaintiff] must have shown the district court that but for his opposition to a protected activity he would not have been fired." *McCluney v. Joseph Schlitz Brewing Company*, 728 F.2d at 928. The Seventh Circuit holdings in *Sherkow* and *McCluney*, state that the requirement that the defendant articulate a legitimate, non-discriminatory reason does not require proof that a discriminatory reason played no part in the plaintiff's discharge. Therefore, Bernauer, not Culver, should have been required to prove that but for retaliation her contract would not have been terminated. Even if retaliation played some part in Bernauer's contract termination, there is no violation of the law unless Bernauer can show she would not have been discharged but for the retaliation. The Ninth Circuit Court of Appeals made this point in *Cohen v. Fred Meyer, Inc.* (9th Cir.1982), 686 F.2d 793, 796: "The defendant need not prove the absence of retaliatory intent or motive; it simply must produce evidence sufficient to dispel the inference of retaliation raised by the plaintiff." (Citations omitted.)

We find the commission erroneously and improperly placed the burden of proof upon Culver to "prove that retaliation played no part in the decision to terminate complainant." It is not clear the issue as to whether but for the alleged retaliation, Bernauer would have been retained in Culver's employ after the probationary period, was ever reached by the commission because it erroneously applied the law with respect to apportioning the burden of proof in a retaliation case. The trial court recognized this, particularly because the hearing officer had accepted as fact the mistaken finding that Colonel Barone reinstated the reading program and hired a new instructor. We affirm the trial court in its remand order.

In its petition to transfer Culver questions the court of appeals finding the commission used loss of income from summer school to fix its damages, and ordered Bernauer's reinstatement. In view of our remand order, it is not necessary for us to address these issues in detail here. The commission can resolve them along with all other issues as outlined above. The remand order of the trial court is affirmed for reasons stated in this opinion.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.