Cite as: 577 U. S. ____ (2016)

# SUPREME COURT OF THE UNITED STATES

## MELENE JAMES *v.* CITY OF BOISE, IDAHO, ET AL.

### ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME COURT OF IDAHO

No. 15–493.   Decided January 25, 2016

PER CURIAM.

Under federal law, a court has discretion to "allow the prevailing party, other than the United States, a reasonable attorney's fee" in a civil rights lawsuit filed under 42 U. S. C. §1983.  42 U. S. C. §1988.  In *Hughes* v. *Rowe*, 449 U. S. 5 (1980) (*per curiam*), this Court interpreted §1988 to permit a prevailing defendant in such a suit to recover fees only if "the plaintiff's action was frivolous, unreasonable, or without foundation."  *Id.,* at 14 (quoting *Christiansburg Garment Co.* v. *EEOC*, 434 U. S. 412, 421 (1978) (internal quotation marks omitted)).

In the decision below, the Idaho Supreme Court concluded that it was not bound by this Court's interpretation of §1988 in *Hughes*.  According to that court, "[a]lthough the Supreme Court may have the authority to limit the discretion of lower federal courts, it does not have the authority to limit the discretion of state courts where such limitation is not contained in the statute."  158 Idaho 713, 734, 351 P. 3d 1171, 1192 (2015).  The court then proceeded to award attorney's fees under §1988 to a prevailing defendant without first determining that "the plaintiff's action was frivolous, unreasonable, or without foundation."  The court's fee award rested solely on its interpretation of federal law; the court explicitly refused to award fees under state law.  *Id.*, at 734–735, 351 P. 3d, at 1192–1193.  We grant certiorari, and now reverse.

Section 1988 is a federal statute.  "It is this Court's responsibility to say what a [federal] statute means, and once the Court has spoken, it is the duty of other courts to

respect that understanding of the governing rule of law." *Nitro-Lift Technologies, L. L. C.* v. *Howard*, 568 U. S. \_\_\_, \_\_\_ (2012) (*per curiam*) (slip op., at 5) (quoting *Rivers* v. *Roadway Express, Inc.*, 511 U. S. 298, 312 (1994) (internal quotation marks omitted)). And for good reason. As Justice Story explained 200 years ago, if state courts were permitted to disregard this Court's rulings on federal law, "the laws, the treaties, and the constitution of the United States would be different in different states, and might, perhaps, never have precisely the same construction, obligation, or efficacy, in any two states. The public mischiefs that would attend such a state of things would be truly deplorable." *Martin* v. *Hunter's Lessee*, 1 Wheat. 304, 348 (1816).

The Idaho Supreme Court, like any other state or federal court, is bound by this Court's interpretation of federal law. The state court erred in concluding otherwise. The judgment of the Idaho Supreme Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*