**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2560
_____

DREW BRADFORD,
              Appellant

v.

JOE BOLLES; MARY BRAUNSCHWEIGER; EUGENE FARKAS; TRIAL COURT
ADMINISTRATION; GOVERNMENT OF SOMERSET COUNTY; GLENN GRANT;
MERYLE NADLER; ANDREW BARTOLOTTI; SUMMIT POLICE DEPARTMENT;
SUMMIT GOVERNMENT; CITY OF SUMMIT, New Jersey 07901 07901 is the postal
zip code for both the Government of Summit, New Jersey and for the City of Summit,
New Jersey; PATRICE RINDOK; ADMINISTRATIVE OFFICE OF UNITED STATES
COURTS; CHIEF W. PAUL KELLY; CAPTAIN STEVE ZAGORSKI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 3-13-cv-01910)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2016

Before:  JORDAN, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: March 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Drew Bradford appeals the District Court's order granting judgment to the defendants and requiring him to pay $1,000 in attorney's fees to the defendants. For the reasons detailed below, we will affirm the District Court's judgment.

In 2005, Bradford helped organize his high school's 40-year reunion. Bradford secured the venue, while women named Diane Gleason and Renee Baran Hedges invited former classmates, sold tickets, and collected payments. After paying for the costs associated with the reunion, the group was left with $995. Without consulting Gleason or Hedges, Bradford withdrew the $995 from the bank account that Gleason had established and declared that he had the right to decide unilaterally how the "overage" would be used. Gleason brought the matter to the attention of law enforcement in Summit, New Jersey, and in October 2005, Bradford was arrested and charged with theft by deception under state law. Ultimately, Bradford entered into a release-dismissal agreement, through which the theft charge was dropped, Bradford agreed not to file a civil action against those involved in arresting and charging him, and the money was returned to Gleason, who divided it among each graduate who had attended the reunion.

In January 2006, Bradford filed a notice of claim against Summit concerning his arrest and the criminal charge. See generally N.J. Stat. Ann. § 59:8-8. Later that year, Bradford filed an action in New Jersey state court against Gleason and Hedges raising a variety of claims concerning the dispute over the reunion. After various proceedings not relevant here, the trial court dismissed the action without prejudice in 2011, and the

2

Appellate Division of the Superior Court affirmed. See Bradford v. Gleason, Civ. A. No. 0437-12T3, 2013 WL 6081697 (N.J. Super. Ct. App. Div. Nov. 20, 2013).

Bradford also filed a complaint in the District Court, raising claims under 42 U.S.C. § 1983 and state law. He sued, essentially, two groups of defendants: (1) the City of Summit and Summit employees ("the Summit Defendants") who were involved in the decision to arrest and charge him; and (2) the Administrative Office of the New Jersey Courts and several court employees ("the Judicial Defendants") who, he alleged, have prevented him from accessing the state courts and otherwise violated his rights in connection with his action against Gleason and Hedges. The District Court granted the Judicial Defendants' motion to dismiss and, subsequently, granted the Summit Defendants' motion for judgment on the pleadings or for summary judgment. The District Court also denied Bradford's request for discovery and granted counsel fees in the amount of $1,000 to the Summit Defendants. The Court dismissed the final defendant from the case on June 15, 2015, and Bradford filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review over the District Court's dismissal and summary-judgment orders. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013) (motion to dismiss); State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009) (summary judgment). We review the District Court's award of attorney's fees for abuse of discretion. See EEOC v. L.B. Foster Co., 123 F.3d 746, 750 (3d Cir. 1997).

We will affirm the District Court's judgment. In his briefs, Bradford stresses that he does not seek to appeal the District Court's judgment in favor of the Judicial Defendants, see Br. at 3B, 32, and we will therefore address only the District Court's grant of judgment to the Summit Defendants. Moreover, while Bradford raised a number of claims, the District Court concluded that he asserted only claims of false arrest, false imprisonment, and malicious prosecution under § 1983 against the Summit Defendants. Bradford has not objected to that characterization, and we will therefore interpret his complaint in the same way.

As the Court explained, Bradford's false-arrest and false-imprisonment claims against the Summit Defendants are plainly time-barred.[1] The statute of limitations for § 1983 claims in New Jersey is two years. See O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006). Bradford's claims of false arrest and false imprisonment accrued in late 2005 or early 2006. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998). Bradford filed his complaint in this case in March 2013, well after the expiration of the two-year limitations period for each of these claims. While Bradford

---

[1] The District Court purported to grant judgment to the Summit Defendants on the pleadings, but because the Court relied on matters outside the pleadings, it should have applied the summary-judgment standards. See Fed. R. Civ. P. 12(d); Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 719 (7th Cir. 1993). However, "the label a district court places on its disposition is not binding on an appellate court." Rose v. Bartle, 871 F.2d 331, 340 (3d Cir. 1989); see also Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 284 (3d Cir. 1991). Here, Bradford was on notice that the Summit Defendants' motion might be treated as seeking summary judgment, and indeed presented documents of his own. See Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996). Accordingly, we will interpret the District Court's order as granting summary judgment to the Summit Defendants.

contends that the limitations period should have been tolled, the undisputed evidence reveals that he was aware of his (alleged) injury and its cause no later than 2006, when he filed his notice of claim. The District Court therefore properly rejected Bradford's tolling argument. See generally Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010).

Meanwhile, a "cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." Heck v. Humphrey, 512 U.S. 477, 489 (1994). The disposition here, in which Bradford agreed to return the disputed $995 and release any associated civil claims, does not qualify as a favorable termination. See Hilfirty v. Shipman, 91 F.3d 573, 575, 584-85 (3d Cir. 1996). Therefore, Bradford's malicious-prosecution claim fails as a matter of law. See generally Gilles v. Davis, 427 F.3d 197, 211-12 (3d Cir. 2005).

Finally, we conclude that the District Court did not abuse its discretion in granting attorney's fees to the Summit Defendants. Under 42 U.S.C. § 1988, the District Court has discretion to award attorney's fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation." Barnes Found. v. Twp. of Lower Merion, 242 F.3d 151, 158 (3d Cir. 2001) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978)); see also James v. City of Boise, 136 S. Ct. 685, 686 (2016) (per curiam). Here, as detailed above, Bradford's action faced a plain legal bar. As an experienced pro se litigant, Bradford should have been aware of these legal failings (and, in light of his complaint's conspicuous omission of any dates, perhaps was). In these circumstances, the Court did not err in concluding that the

5

Summit Defendants were entitled to attorney's fees. See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa., 103 F.3d 294, 299 (3d Cir. 1996); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1091 (3d Cir. 1988). Moreover, we are satisfied that, given Bradford's claim that he paid $10,000 to a lawyer to represent him in this action, $1,000 represents a reasonable amount of fees to award. See generally Wolfe v. Perry, 412 F.3d 707, 724 (6th Cir. 2005).

Accordingly, we will affirm the District Court's judgment.[2] We grant the Summit Defendants' motion to file a supplemental appendix and deny their motion to strike Bradford's appellate brief and appendix. We deny Bradford's pending motions.

---

[2] To the extent that Bradford appeals the District Court's orders denying his motions for reconsideration and motion to recuse, we discern no error in the Court's orders. See generally Liteky v. United States, 510 U.S. 540, 555-56 (1994); Max's Seafoopd Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Likewise, the District Court did not abuse its discretion in denying Bradford's discovery-related motions. See generally Lloyd v. HOVENSA, LLC., 369 F.3d 263, 274 (3d Cir. 2004).