ATTORNEY FOR APPELLANT
Robert O. Vegeler
Vegeler Law Office LLC
Fort Wayne, Indiana

ATTORNEY FOR APPELLEE
William P. Kealey
Stuart & Branigin LLP
Lafayette, Indiana

FILED

Apr 22 2016, 3:35 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

No. 02S03-1604-PL-201

ADAM GAFF,                                              *Appellant-Plaintiff,*

v.

INDIANA-PURDUE UNIVERSITY OF FORT WAYNE,          *Appellee-Defendant.*

Appeal from the Allen Superior Court, No. 02D02-1310-PL-378
The Honorable Craig J. Bobay, Judge

On Transfer from the Indiana Court of Appeals, No. 02A03-1504-PL-136

**April 22, 2016**

**Dickson, Justice.**

The plaintiff, Adam Gaff, appeals from the grant of summary judgment sought by his former employer, defendant Indiana-Purdue University of Fort Wayne (IPFW), in this employment termination discrimination case. We grant transfer to clarify the application of Indiana summary judgment jurisprudence to such cases.

As consolidated by the Court of Appeals, the plaintiff's appeal presents claims alleging that the trial court erroneously granted summary judgment as to the plaintiff's federal and state constitutional claims and as to the plaintiff's retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). Gaff v. Indiana-Purdue Univ. of Fort Wayne, 45 N.E.3d

458, 460 (Ind. Ct. App. 2015). With respect to the federal and state constitutional claims, we summarily affirm the decision of the Court of Appeals.

In affirming the summary judgment on the retaliation claim, however, the Court of Appeals noted language from Indiana Civil Rights Commission v. Culver Educational Foundation, wherein we stated that "the ultimate burden of persuasion that the defendant engaged in unlawful discrimination remains at all times with the plaintiff." 535 N.E.2d 112, 115 (Ind. 1989). The Court of Appeals in Gaff acknowledged that "IPFW is the party who moved for summary judgment," but nevertheless applied Culver Educational—which was not a summary judgment case[1]—to hold that "the initial burden is still on Gaff to prove a prima facie case of retaliation." Gaff, 45 N.E.3d at 465. The Court of Appeals ventured that "Indiana's 'heightened' summary judgment standard, discussed in Hughley v. State, 15 N.E.2d 1000, 1003 (Ind. 2014), under which the moving party must negate an opponent's claim, does not apply to a Title VII claim." Gaff, 45 N.E.3d at 465 n.9. We disagree.

As we recently emphasized in Hughley, "[e]ven though Indiana Trial Rule 56 is nearly identical to Federal Rule of Civil Procedure 56, we have long recognized that Indiana's summary judgment procedure . . . diverges from federal summary judgment practice. In particular, while federal practice permits the moving party to merely show that the party carrying the burden of proof *lacks* evidence on a necessary element, we impose a more onerous burden: to affirmatively negate an opponent's claim." 15 N.E.3d at 1003 (emphasis in original) (internal quotations and citations omitted). *See also* Jarboe v. Landmark Cmty. Newspapers of Ind., Inc., 644 N.E.2d 118, 123 (Ind. 1994). The Indiana methodology for determining summary judgment is well established:

> The initial burden is on the summary-judgment movant to demonstrate the absence of any genuine issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with contrary evidence showing an issue for the trier of fact. And although the non-moving party has the burden on appeal of persuading us that

---

[1] The Court of Appeals also cited as authority Fuller v. Allison Gas Turbine Division, 670 N.E.2d 64 (Ind. Ct. App. 1996), and Elliott v. Sterling Management Limited, 744 N.E.2d 560 (Ind. Ct. App. 2001). Like Culver Educational, Fuller was not a summary judgment case. But Elliott did involve an appeal from a summary judgment, and the reviewing court's analysis was not in accord with Indiana summary judgment jurisprudence. We thus disapprove of the analysis employed in Elliott.

the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that he was not improperly denied his day in court.

Hughley, 15 N.E.3d at 1003 (internal citations and quotations omitted). *See also, e.g.,* Kramer v. Catholic Charities of Diocese of Fort Wayne-South Bend, Inc., 32 N.E.3d 227, 230-31 (Ind. 2015); Reed v. Reid, 980 N.E.2d 277, 285 (Ind. 2012); Winkler v. V.G. Reed & Sons, Inc., 638 N.E.2d 1228, 1235 (Ind. 1994); Oelling v. Rao, 593 N.E.2d 189, 190 (Ind. 1992). Upon an appellate challenge to summary judgment, *de novo* review applies, with the reviewing court "applying the same standard as the trial court . . . ." Hughley, 15 N.E.3d at 1003.

In reaching a final judgment where a plaintiff is asserting in Indiana trial courts a federal statutory cause of action, the elements to be proven and the standard of proof required are determined by federal law. *See* James v. City of Boise, 577 U.S. ---, 136 S.Ct. 685, 686, 193 L.Ed.2d 694 (2016) (per curiam) ("It is this Court's responsibility to say what a [federal] statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law."); Gunn v. Minton, 568 U.S. ---, 133 S.Ct. 1059, 1067, 185 L.Ed.2d 72 (2013) ("State courts adjudicating civil RICO claims will . . . be guided by federal court interpretations of the relevant federal criminal statutes, just as federal courts sitting in diversity are guided by state court interpretations of state law."). But the state court proceedings in which such a claim is pursued are governed by the procedural law of the forum, in this case Indiana procedural law. *Cf.* Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188, 1194 (1938) (holding that courts apply the procedural law of the forum and the substantive law of the jurisdiction originating the claim); Brill v. Regent Commc'ns., Inc., 12 N.E.3d 299, 306 (Ind. Ct. App. 2014) (Indiana adheres to "*lex fori* (law of the forum) concerning procedural issues.") *trans. denied*; JKL Components Corp. v. Insul-Reps, Inc., 596 N.E.2d 945, 950 (Ind. Ct. App. 1992) ("[T]he procedural law of the forum state applies to procedural issues.") *trans. denied*. Thus, while the plaintiff's cause of action arises under federal law, summary judgment proceedings arising under Indiana Trial Rule 56 are governed by Indiana summary judgment procedure and jurisprudence.

As to the plaintiff's Title VII retaliation claim, we must thus determine whether IPFW demonstrated the "absence of any genuine issue of fact as to a determinative issue . . . ." Hugh-

ley, 15 N.E.3d at 1003 (citation omitted). As correctly noted by the Court of Appeals in Gaff, the essential elements required for the plaintiff to recover under his Title VII retaliation claim included "(1) he engaged in statutorily protected activity; (2) he suffered a material adverse action; and (3) a causal link between the two." Gaff, 45 N.E.3d at 465.

With respect to the retaliation claim in this case, according to the parties' Agreed Statement of Material Facts, the plaintiff's Charge of Discrimination filed May 1, 2013 alleged that he had been "harassed, discriminated and retaliated against on the basis of [his] sex." Appellant's App'x at 92 (alteration in original). In his complaint in the present lawsuit, filed October 22, 2013, the plaintiff "alleges that he was discriminated against on the basis of gender (male), sexual orientation and [was] retaliated against . . . ," and that his supervisor "retaliated against him" due to reports by a co-employee about the plaintiff's "behavior toward" the co-employee. *Id.* at 93; Appellee's App'x at 163-64.

IPFW argues that it is entitled to summary judgment because the plaintiff "cannot sufficiently establish a *prima facie* case of retaliation." Appellee's Br. at 30. IPFW contends that there was an absence of evidence to show both that the plaintiff was "engaged in a statutorily protected activity," and that there was a "causal connection between his alleged protected activity and his termination." *Id.* As explained above, however, to prevail on summary judgment under Indiana procedural law, it was IPFW's burden to affirmatively negate the plaintiff's claim, not the plaintiff's burden to make a *prima facie* case of Title VII retaliation. *See*, Hughley, 15 N.E.3d at 1003.

Here, the undisputed facts in the parties' "Agreed Statement of Material Facts" do not establish any basis for the plaintiff's retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). The only potential "protected activity" is that the plaintiff complained to his supervisor that his co-worker called him derogatory names related to his weight and sexual orientation. These complaints are not indicative of discrimination that occurred because of sex, race, national origin, or some other protected class under the statute. In light of the parties' Agreed Statement of Material Facts, the defendant has satisfied its burden on summary

4

judgment to affirmatively negate the plaintiff's claim. And the plaintiff has not come forward with contrary evidence showing a genuine issue of material fact for the trier of fact.

We affirm the grant of summary judgment as to the plaintiff's retaliation claim under Title VII of the Civil Rights Act of 1964, and we summarily affirm the Court of Appeals as to all other issues. This cause is remanded to the trial court for further proceedings consistent with this opinion.

Rush, C.J., and Rucker, David, and Massa, JJ., concur.