# SUPREME COURT OF THE UNITED STATES

## JABARI WILLIAMS *v.* LOUISIANA

ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF
APPEAL OF LOUISIANA, FOURTH CIRCUIT

No. 14–9409.   Decided June 20, 2016

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted. The judgment is vacated, and the case is remanded to the Court of Appeal of Louisiana, Fourth Circuit for further consideration in light of *Foster* v. *Chatman*, 578 U. S. ___ (2016).

JUSTICE GINSBURG, with whom JUSTICES BREYER, SOTOMAYOR, and KAGAN join, concurring in the decision to grant, vacate, and remand.

"The Constitution forbids striking even a single prospective juror for a discriminatory purpose." *Foster* v. *Chatman*, 578 U. S. ___, ___ (2016) (slip op., at 9) (internal quotation marks omitted) (citing *Batson* v. *Kentucky*, 476 U. S. 79 (1986)). *Batson* "provides a three-step process for determining when a strike is discriminatory:

> "First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, *the prosecution* must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination." *Foster*, 578 U. S., at ___ (slip op., at 9) (internal quotation marks omitted; emphasis added).

This case concerns a Louisiana procedural rule that permits the trial court, rather than the prosecutor, to supply a race-neutral reason at *Batson*'s second step if "the court is satisfied that such reason is apparent from

the voir dire examination of the juror." La. Code Crim. Proc. Ann., Art. 795(C) (West 2013). Louisiana's rule, as the Louisiana Supreme Court has itself recognized, does not comply with this Court's *Batson* jurisprudence. *State* v. *Elie*, 05–1569 (La. 7/10/2006), 936 So. 2d 791, 797 (citing *Johnson* v. *California*, 545 U. S. 162, 172 (2005)). At *Batson*'s second step, "the trial court [must] demand an explanation from the prosecutor." *Johnson*, 545 U. S., at 170; see *id.,* at 172 ("The *Batson* framework is designed to produce actual answers [from a prosecutor] to suspicions and inferences that discrimination may have infected the jury selection process. . . . It does not matter that the prosecutor might have had good reasons; what matters is the real reason [jurors] were stricken." (internal quotation marks and alterations omitted)); *id.,* at 173 (improper to "rel[y] on judicial speculation to resolve plausible claims of discrimination").

The rule allowing judge-supplied reasons, nonetheless, remains operative in Louisiana and was applied in petitioner's 2012 trial. On remand, the appropriate state court should reconsider petitioner's argument that the rule cannot be reconciled with *Batson*. A Louisiana court, "like any other state or federal court, is bound by this Court's interpretation of federal law." *James* v. *Boise*, 577 U. S. ___, ___ (2016) (*per curiam*) (slip op., at 2). See also App. to Pet. for Cert. 19a (Belsome, J., dissenting) ("[T]he United States Supreme Court has made clear . . . that the State is obligated to offer a race-neutral reason. The judge is an arbiter not a participant in the judicial process. Allowing the court to provide race-neutral reasons for the State violates [the Constitution].").

# SUPREME COURT OF THE UNITED STATES

## JABARI WILLIAMS *v.* LOUISIANA

ON PETITION FOR WRIT OF CERTIORARI TO THE COURT OF
APPEAL OF LOUISIANA, FOURTH CIRCUIT

No. 14–9409. Decided June 20, 2016

JUSTICE ALITO, with whom JUSTICE THOMAS joins, dissenting from the decision to grant, vacate, and remand.

For the reasons set out in my statement in *Flowers* v. *Mississippi*, No. 14–10486, I would deny the petition.

The concurring statement calls upon the appropriate state court on remand to consider petitioner's argument that the trial judge did not comply with the second step of the procedure mandated by *Batson* v. *Kentucky*, 476 U. S. 79 (1986), because the judge, in accordance with a state procedural rule, rejected a defense challenge on the ground that a race-neutral reason for the strike was apparent from the *voir dire* of the juror in question. But whether petitioner is entitled to relief on this ground has nothing to do with *Foster*, which "address[ed] only *Batson*'s third step." *Foster* v. *Chatman*, 578 U. S. ___, ___ (2016) (slip op., at 10).